David F. Corrigan, Esq. (DFC-6305)
The Corrigan Law Firm
54B West Front Street
Keyport, NJ 07735
(732) 888-3868
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDITH REGAN,<br><br>        Plaintiff,<br>   v. | Civil Action No. |
| ACE ACCOUNTING SERVICES, LLC,<br>and CHRISTY MEYER, Individually and<br>as Owner of Ace Accounting Services, LLC. | CIVIL ACTION |
|        Defendants. | **COMPLAINT AND JURY DEMAND** |

I.     **Introduction**

This is an action brought under the Fair Labor Standards Act, 29 U.S.C. § 207 by

Plaintiff Judith Regan ("Regan").  She is a former employee of Defendant ACE

Accounting Services ("ACE").  Defendant Christy Meyer ("Meyer"), is the owner of ACE.

She is being sued individually.

II.     **Jurisdiction**

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1331 (federal question) in that the claims herein arise under the Fair Labor Standards

Act, 29 U.S.C. § 207(a)(1).  Further, the court has pendant jurisdiction under the State

law claim.

III.   **Venue**

Venue in this case is at the United States District Court for the District of New Jersey (Trenton) because all of the events alleged in this Complaint occurred in Ocean County, New Jersey and because all the parties in this case reside in Ocean County, New Jersey.

IV.   **Parties**

1.   Plaintiff Judith Regan is a former bookkeeper employed by ACE.  She resides at 707 Opatut Court, Toms River, New Jersey 08753.

2.   Defendant ACE is the former employer of Regan.  Its business address is 337 Drum Point Road, Suite 2A, Brick, New Jersey 08723.

3.   Defendant Meyer is the owner of ACE.  She also operates the business and is involved in every detail of same, including the decision to refuse to pay the overtime that Regan was entitled to.

**COUNT ONE**
(Fair Labor Standards Act ("FLSA") Violation)

4.   The Fair Labor Standards Act 27 U.S.C. 207 requires that Regan be paid overtime at the rate of time and one-half her regular salary after 40 hours of work per week.

5.   ACE and Meyer repeatedly did not pay Regan the requisite overtime rate for work she performed after 40 hours per week.  Said failure to pay was a wilful

violation of the FLSA.

6.    ACE and Meyer, to hide that they were not paying Regan and others, the overtime they were entitled to did not maintain the requisite payroll records and other records required by the Act.

WHEREFORE, Plaintiff demands judgment against Defendants ACE and Meyer as follows:

A.    Payment of the overtime that was wrongfully denied her;

B.    Liquidated and double damages;

C.    Awarding Regan compensatory damages;

D.    Awarding Regan Punitive Damages;

E.    Awarding Regan Pre and Post-judgment Interest

F.    Awarding Regan Costs of Suit and Attorney Fees; and

G.    Such other relief that the Court shall deem just and equitable.

## COUNT TWO
### (Violation of the New Jersey Wage and Hour Law)

7.    Plaintiff repeats each and every allegation as set fully set forth herein.

8.    The New Jersey Wage and Hour Law, N.J.S.A. 34:11-1 et. seq. requires ACE and Meyer to pay Regan time and one-half her normal rate of pay for all hours worked over forty hours per week.

9.    ACE and Meyer violated the New Jersey Wage and Hour Law.

WHEREFORE, Plaintiff demands judgment against Defendants ACE and Meyer as follows:

A.    Payment of the overtime that was wrongfully denied him;

B.     Liquidated and double damages;

C.     Awarding Regan compensatory damages;

D.     Awarding Regan Punitive Damages;

E.     Awarding Regan Pre and Post-judgment Interest

F.     Awarding Regan Cost of Suit and Attorney Fees; and

G.     Such other relief that the Court shall deem just and equitable.

The Corrigan Law Firm
Attorney for Plaintiff

Dated: December 17, 2018

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable.

The Corrigan Law Firm
Attorneys for Plaintiff

Dated: December 17, 2018