UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDITH REGAN,<br><br>Plaintiff,<br><br>v.<br><br>ACE ACCOUNTING SERVICES, LLC, and CHRISTY MEYER,<br><br>Defendants. | Civil Action No. 18-17290 (FLW)(ZNQ)<br><br>MEMORANDUM OPINION AND ORDER |

This matter comes before the Court upon Defendants ACE Accounting Services, LLC, ("ACE") and Christy Meyer's (collectively, "Defendants") Motion, Pursuant to Fed. R. Civ. P. 15(a)(2), for Leave to File Amended Answer ("Motion to File Amended Answer"). (Defs.' Notice Mot. to File Am. Answer, ECF No. 9.) Plaintiff Judith Regan argues the Motion should be denied because the amendments are "based on a sham certification," contradict Defendants' admissions, would be futile, and would prejudice Plaintiff. (Pl.'s Letter Br. in Opp'n to Defs.' Mot. 1–2, ECF No. 13.) For the reasons set forth below, the Court cannot conclude Defendants' proposed amendments will be futile and therefore their Motion is granted.

I. Allegations and Procedural History

Plaintiff, a former bookkeeper for ACE, brought this Fair Labor Standards Act ("FLSA") action against ACE and its owner, Meyer, claiming they repeatedly failed to pay her overtime. (Compl. ¶¶ 1–5.) She also alleges Defendants violated the New Jersey Wage and Hour Law ("NJWHL"). (*Id.* ¶ 9.)

Defendants now seek to amend their answer to assert a new affirmative defense to Plaintiff's claims. (Certification of Michael DiCicco Ex. A, at 2, 5, ECF 9-1.) Specifically,

Defendants wish to add that Plaintiff was a learned professional, exempt from the FLSA's and NJWHL's overtime requirements. (*Id.*)

**II.     Parties' Arguments**

Defendants contend that "during the course of [ACE's] investigation to comply with Plaintiff's discovery requests, ACE reviewed the job duties and job performance by Regan," and, "[b]ased on her level of education, her knowledge and skill, and the job duties and her compensation, . . . concluded that [Plaintiff] is a learned professional employee . . . exempt from the overtime requirements of the FLSA and NJWHL." (Br. in Support of Mot. 4–5, ECF 9-2.) Defendants submit there is no dilatory motive or undue delay and leave should be freely granted in accord with Federal Rule of Civil Procedure ("FRCP") 15(a)(2) and the Third Circuit's liberal policy favoring amendment to ensure cases are decided on the merits. (*Id.* at 3 (citing *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). Defendants note that the parties have discussed this issue before and that Plaintiff was originally treated as an exempt employee, but that ACE began treating her as a non-exempt employee because of her job title. (*Id.* at 4.)

Plaintiff first asserts Defendants' Motion "is supported by a certification of their attorney, who has no personal knowledge of the facts," and thus the certification "is not competent evidence to support his conclusions." (Pl.'s Letter Br. in Opp'n to Defs.' Mot. 2–4.) Next, Plaintiff argues Defendants' Proposed Amended Answer contradicts their admissions. (*Id.* at 4.) In support of that argument, Plaintiff cites several exhibits, including her own certification and the summary of Defendants' arguments that was included in the parties' Joint Discovery Plan. (*Id.* at 4, 20–21, 43.)

Plaintiff's third argument is that the amendments would be futile because the professional employee exception to the FLSA cannot be met. (*Id.* at 6.) Plaintiff contends Defendants cannot meet the salary requirement because Plaintiff was paid hourly. (*Id.* at 6–7 (citing *Guthrie v. Lady*

2

*Jane Collieries, Inc.*, 722 F.2d 1141, 1143 (3d Cir. 1983); 29 C.F.R. §§ 541.300(a)(2)(I), 541.600, 541.602(a)).) Plaintiff also asserts Defendants cannot legally meet any of the three prongs of the duties requirement because her work (1) did not require advanced knowledge (2) in the field of science or learning, (3) which is customarily acquired by a prolonged field of study. (*Id.* at 7 (citing 29 C.F.R. §§ 541.301(a), (e)(5) ("accounting clerks, bookkeepers and other employees who normally perform a great deal of routine work will not qualify as exempt professionals")).) Plaintiff argues Defendants cannot meet each prong for the following reasons:

(1) "the only skills required in order to perform [her job] tasks [were] a basic understanding of mathematics and the use of computers, both of which are attained at the high school level," (*id.* at 8 (citing 29 C.F.R. § 541.301(b)));

(2) "Plaintiff [was] clearly not asked to perform the work of the traditional profession of accounting," (*id.* at 7–8 (citing 29 C.F.R. § 541.301(c))); and

(3) the position Plaintiff held did not require specialized training or a master's degree and Plaintiff's possession of a master's degree is irrelevant, (*id.* at 9 (citing *Crowe v. ExamWorks, Inc.*, 136 F. Supp. 3d 16, 34, 36 (D. Mass. 2015); *Mudgett v. Univ. of Pittsburgh Med. Ctr.*, Civil Action No. 09-254, 2010 U.S. Dist. LEXIS 44266 (W.D. Pa. May 6, 2010))).

Lastly, Plaintiff contends she will be prejudiced if the Court allows Defendants to amend their answer, and that it is inexcusable that they waited eight months to assert this new defense. (*Id.* at 10.) Plaintiff also appears to contend allowing amendment will necessitate additional discovery, expenses, and delay. (*Id.* at 11 (citing as examples *Oy Tilgmann, AB v. Sport Pub. International, Inc.*, 110 F.R.D. 68, 70 (E.D. Pa. 1986); *Regent Nat'l Bank v. Dealers Choice Auto. Planning*, No. 96-7930, 1998 U.S. Dist. LEXIS 20122, at *13–14 (E.D. Pa. Dec. 14, 1998)).)

In their reply, Defendants add that Plaintiff is essentially applying a summary judgment standard, inappropriate at this stage. (Defs.' Letter Br. 2, ECF No. 16.) Defendants further argue Plaintiff was salaried and meets each of the learned professional elements. (*Id.* at 4, 8–9.) They submit, based on Plaintiff's duties, "[P]laintiff performed work that required advanced knowledge

in the field of accounting that was acquired through specialized instruction culminating in receiving a Master's Degree in Accounting." (*Id.* at 7–8.)

Plaintiff moved to file a sur-reply; that motion is hereby granted, and Plaintiff's sur-reply is considered herein. (Pl.'s Mot. to File a Sur-Reply 1, ECF No. 17.) Plaintiff now attacks Meyer's certification, claiming it is "disingenuous and false." (*Id.* at 3.) Plaintiff also highlights that her title was "bookkeeper" and that Meyer offered to pay her overtime before the litigation, demonstrating Defendants knew the exemption did not apply. (*Id.* at 4.)

### III. Standard for Amending Pleadings

FRCP 15(a) governs amendments to pleadings, including answers. *See Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 998 (D.N.J. 1993). FRCP 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Though within the discretion of the Court,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). "An amendment is considered futile if it advances a claim or defense that is legally insufficient on its face." *Eisai Co. v. Teva Pharm. USA, Inc.*, 247 F.R.D. 445, 449 (D.N.J. 2007). "[G]iven the liberal standard applied to the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). "[I]n making its determination as to an amendment's futility, the court looks only to the pleadings."[1] *Id.* at 765; *Ortiz v. Murray*, No. CV 15-8453 (FLW)(TJB), 2016 WL 7238807, at *2 (D.N.J. Dec. 14, 2016). In *Hiser v. NZone Guidance, LLC*, an FLSA case, the District Court for

---

[1] Because the Court only looks to pleadings in deciding a motion to amend, the Court finds it unnecessary to discuss the legitimacy of Defendants' certifications.

4

the Western District of Texas found adding the professional employee exemption defense would be futile because the defendant admitted in its answer that the plaintiff was not salaried and that the plaintiff was paid a day-rate, which the regulations specify cannot be considered a fee basis. No. 1:18-CV-1056 (RP), 2019 WL 2098110, at *4 (W.D. Tex. Apr. 23, 2019). In essence, the facts in the pleadings were dispositive of and legally foreclosed the defense. *Id.*

### IV. The Proposed Amendments Are Not Futile

It is not appropriate for the Court, at this stage, to make judgments about the parties' factual allegations. The instant question is merely whether the new affirmative defense Defendants advance is legally insufficient on its face. *Eisai Co.*, 247 F.R.D. at 449. The Complaint and Proposed Answer are barebones and, unlike in *Hiser*, are not dispositive of the parties' factual contentions. *See* 2019 WL 2098110, at *4. For example, Plaintiff contends she was not salaried, but even the evidence submitted by her only shows that she tried to dispute her classification as a salaried employee. (*See* Pl.'s Letter Br. in Opp'n to Defs.' Mot. 17.) Similarly, the Court cannot draw a definitive conclusion from the pleadings as to whether Plaintiff's job required an advanced knowledge in accounting from a prolonged field of study. Further, the Court has not been shown anything demonstrating Defendants conceded the defense in the pleadings.

The Court notes that Defendants' Motion was made before the deadline to amend set in the Revised Scheduling Order expired. (*See* ECF No. 8) The Court finds that any added discovery and expense necessitated by the addition of the learned professional defense is not unduly prejudicial. Additionally, other than general allegations of expanded discovery and greater expense, Defendants do not explain why allowing amendment eight months after Defendants' filed their Answer would cause undue prejudice, nor does the Court perceive any.

## V. Conclusion and Order

For the reasons set forth above, the Court does not find Defendants' proposed amendments futile.

**IT IS on this 29th day of October, 2019**,

**ORDERED** that Plaintiff's Motion to File a Sur-Reply (ECF No. 17) is **GRANTED**;

and it is further **ORDERED** that Defendants' Motion to File Amended Answer (ECF No. 9) is **GRANTED**.

_____
ZAHID N. QURAISHI
United States Magistrate Judge